15 MAG   1495

Approved: _____
NOAH SOLOWIEJCZYK
Assistant United States Attorney

Before:  THE HONORABLE MICHAEL H. DOLINGER
         United States Magistrate Judge
         Southern District of New York

ORIGINAL
U.S. DISTRICT COURT FILED
MAY 01 2015
S.D. OF N.Y.

DOC # 1

------------------------------------ X
                                     :
UNITED STATES OF AMERICA,            :   **SEALED COMPLAINT**
                                     :
            - v. -                   :   Violation of 18 U.S.C.
                                     :   §§ 641, 1001, and 2
ANGELICA ALICEA, and                 :
ANGEL CURBELO,                       :   COUNTIES OF OFFENSE:
                                     :   BRONX AND NEW YORK
            Defendants.              :
                                     :
------------------------------------ X

SOUTHERN DISTRICT OF NEW YORK, ss.:

   PATRICIA SEDACCA, being duly sworn, deposes and says that she is a Special Investigator with the New York City Department of Investigation ("DOI"), New York City Housing Authority ("NYCHA"), Office of the Inspector General ("OIG"), and charges as follows:

### COUNT ONE

   1.  From at least in or about September 2008, up to and including at least in or about December 2013, in the Southern District of New York and elsewhere, ANGELICA ALICEA and ANGEL CURBELO, the defendants, willfully and knowingly did embezzle, steal, purloin, and convert to their use and the use of others, and without authority, did sell, convey, and dispose of records, vouchers, money and things of value of the United States and a department and an agency thereof, to wit, the United States Department of Housing and Urban Development, which exceeded the sum of $1,000, and did receive, conceal, and retain the same with intent to convert it to their use and gain, knowing it to have been embezzled, stolen, purloined and converted, to wit, ALICEA and CURBELO fraudulently obtained Section 8 federal housing subsidies to which they were not entitled.

   (Title 18, United States Code, Sections 641 and 2.)

## COUNT TWO

2. On or about April 5, 2011, March 20, 2012, June 1, 2012, March 13, 2013, and December 5, 2013, ANGELICA ALICEA, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly, did falsify, conceal, and cover up by trick, scheme, and device material facts, and made materially false, fictitious, and fraudulent statements and representations, and made and used false writings and documents knowing the same to contain materially false, fictitious and fraudulent statements and entries, to wit, ALICEA falsely reported her household income and household composition on multiple affidavits of income, and thereby fraudulently obtained Section 8 federal housing subsidies to which she was not entitled, and made false sworn statements regarding the same on or about December 5, 2013.

(Title 18, United States Code, Sections 1001(a) and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3. I am a Special Investigator with the DOI, NYCHA, OIG. I have been personally involved in the investigation of this matter, and I base this affidavit on that personal experience, as well as on my conversations with other law enforcement agents and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the offenses cited above, it does not include all the facts that I have learned during the course of the investigation. Where the contents of conversations of others are reported herein, they are reported in substance and in part.

### The Section 8 Subsidized Housing Program

4. Based on my knowledge and experience derived from this investigation and from my participation in prior investigations into federal housing benefits fraud, I know the following:

   a. Under the Section 8 Rental Assistance Program (the "Section 8 Program"), which NYCHA administers in cooperation with the United States Department of Housing and Urban Development ("HUD"), low-income individuals who meet certain eligibility criteria obtain assistance with rental payments in approved Section 8 residences.

b.   The Section 8 Program provides payments to Section 8 landlords on behalf of eligible, low-income individuals. These payments make up the difference between the total rent owed to the Section 8 landlord, and the amount that the Section 8 tenant can afford.

c.   HUD alone funds the Section 8 Program pursuant to Section 8 of the United States Housing Act of 1937, Title 42, United States Code, Section 1437f. NYCHA administers the Section 8 Program in New York City on behalf of HUD.

d.   In order to receive benefits in the Section 8 Program, an applicant is required to complete a form certifying his or her annual income, assets, household composition (i.e. the individuals residing in the residence), and the income of household members, among other things.

e.   Individuals who are accepted into the Section 8 Program are required by HUD and NYCHA to submit annually an affidavit of income form ("AOI") certifying, among other things, the Section 8 tenant's annual income, assets, household composition (i.e. the identities of the occupants of the residence), and the income of any other household members.

f.   Once a tenant is accepted into the Section 8 Program, the NYCHA Department of Finance mails the tenant's Section 8 rental assistance payments directly to the Section 8 landlord from NYCHA offices in Manhattan, or directly deposits such payments into a bank account provided by the Section 8 landlord.

g.   Under the rules of the Section 8 Program, and NYCHA regulations, a tenant is required to live in the Section 8 apartment in order to receive Section 8 benefits, and may only live with those individuals identified in the AOI. The number and identities of individuals listed as part of the household composition in the AOI are important factors in NYCHA's determination of whether and to what extent a tenant is eligible to participate in the Section 8 Program.

h.   In order to participate as a landlord in the Section 8 Program, a property owner must sign a Housing Assistance Payments Contract (the "HAP Contract") with NYCHA with respect to a particular rental unit. Among other things, the HAP Contract specifies the identities of the persons who are permitted to reside in the Section 8 rental unit (the "Family"), and requires that the Section 8 landlord certify that he or she is not the parent, child, grandparent, grandchild, sister, or

brother of any member of the Family.  The Section 8 landlord must also certify that the Family does not own or have any interest in the rental unit, and that the persons listed in the Family reside in the rental unit.  The HAP Contract also specifies that the household composition must be approved by NYCHA, and specifies that no other persons may be added to the Family permitted to reside in the Section 8 rental unit without prior written approval of the Section 8 landlord and NYCHA.  The HAP Contract further specifies that the Section 8 unit may only be used for residence by NYCHA-approved household members, and specifies that, should the Section 8 landlord fail to comply with all provisions of the HAP Contract, the landlord will not be entitled to receive Section 8 housing assistance payments.

### The Section 8 Apartment

5.   Based on my review of documents from the Office of the City Register, Bronx County, New York, I have learned that on or about July 28, 2008, ANGEL CURBELO, the defendant, purchased a two-dwelling home located at 2463 Rohr Place, in the Bronx, New York.

6.   Based on my review of records maintained by NYCHA regarding 2463 Rohr Place, Bronx, New York, I have learned, among other things, the following:

a.   NYCHA records indicate that 2463 Rohr Place, Apartment 1, Bronx, New York, is a Section 8 apartment (the "Section 8 Apartment").

b.   On or about July 31, 2008, ANGEL CURBELO, the defendant, executed a HAP Contract with NYCHA with respect to the Section 8 Apartment.  The HAP Contract listed ANGELICA ALICEA, the defendant, as the tenant for the Section 8 Apartment, provided ALICEA's Section 8 Program voucher number, and provided a lease term beginning on or about September 1, 2008, and ending on or about August 31, 2010.  The HAP Contract listed that ALICEA's three daughters ("Daughter-1," "Daughter-2," and "Daughter-3") and one son ("Son-1") were permitted to reside in the Section 8 Apartment and further specified that "[o]ther persons may not be added to the household without prior written approval of the owner and [NYCHA]."  In the HAP Contract, CURBELO provided an address in Brooklyn, New York (the "Brooklyn Address") as the mailing address where the Section 8 Program payments should be sent.

4

### ALICEA's Filing of Fraudulent AOIs

7. Based on my review of NYCHA records, I have learned, among other things, the following information:

   a. From at least in or about September 2008, up to and including at least in or about December 2013, ANGELICA ALICEA, the defendant, participated in the Section 8 Program and received federal subsidies in connection with her rental of the Section 8 Apartment.

   b. On or about April 5, 2011, March 20, 2012, June 1, 2012, and March 13, 2013, ALICEA executed and submitted to NYCHA separate AOIs as the tenant and head of household of the Section 8 Apartment, in which she certified that the information provided in the AOI "on household composition, income, net family assets, and allowance and deductions is accurate and complete to the best of my knowledge and belief" and also certified that the Section 8 Apartment "is used solely for residence by the family and is the principal place of residence for all members of the family" listed in the AOI.

   c. In the AOIs, ALICEA certified that the household composition of the Section 8 Apartment consisted of herself, Daughter-1, Daughter-2, Daughter-3, Son-1, and, with respect to the AOIs filed in 2012 and 2013, another daughter ("Daughter-4"). In each of the AOIs, ALICEA reported that no members of the household were currently employed and that the household's sole source of income was from Supplementary Security Income ("SSI") payments made by the federal government to Daughter-1, which ranged from approximately $600 in 2009, to approximately $730 in 2013. In these AOIs, ALICEA never listed ANGEL CURBELO, the defendant, as living in the Section 8 Apartment, nor did ALICEA report any income being earned by CURBELO as a member of the household in the AOI.

   d. In certain of the AOIs executed by ALICEA, ALICEA certified that no members of the household "own or have a legal interest in any type of real estate, house, co-op or condo."

   e. Based on the representations and information provided by ALICEA in these AOIs, ALICEA was approved to participate in the Section 8 Program from in or about 2009 up to and including in or about 2013.

5

### CURBELO is the Father of Two of ALICEA's Children Who Reside at the Section 8 Apartment

8. Based on my review of birth certificates provided by the New York State Department of Health, I have learned that ANGEL CURBELO, the defendant, is the father of Daughter-3 and Daughter-4, and that ANGELICA ALICEA, the defendant, is the mother of Daughter-3 and Daughter-4.

9. Based on my review of records provided by the New York City Department of Education ("NYC DOE"), I have learned that ANGEL CURBELO, the defendant, is listed as the father of Daughter-3 in the NYC DOE's emergency contact records, and that ANGELICA ALICEA, the defendant, is listed as the mother of Daughter-3 in those same records. These records further indicate that Daughter-3 resides with CURBELO and ALICEA at the Section 8 Apartment.

### CURBELO Resides in the Section 8 Apartment

10. Based on my review of records provided by a furniture and electronics business ("Employer-1"), I have learned, among other things, the following:

   a. Beginning in or about July 1997, ANGEL CURBELO, the defendant, was an employee of Employer-1, and became a store manager for Employer-1 in or about 2002.

   b. Based on W-2 Wage and Tax Statements provided by Employer-1, I have learned that CURBELO earned approximately $76,981 in 2008, approximately $85,925 in 2009, approximately $78,038 in 2010, approximately $90,084 in 2011, and approximately $84,523 in 2012.

   c. Beginning in or about September 2008 and continuing up to and including at least in or about June 2014, CURBELO provided the Section 8 Apartment as his contact address to Employer-1.

11. During the course of this investigation, I have reviewed records provided by a bank ("Bank-1") for an account in the name of ANGEL CURBELO, the defendant. Based upon my review of the records provided by Bank-1, I have learned, among other things, that, on or about September 13, 2008, CURBELO changed the mailing address associated with his account at Bank-1 to the Section 8 Apartment. As of on or about August 13, 2013, the mailing address associated with CURBELO's account at Bank-1 remained the Section 8 Apartment.

12. During the course of this investigation, I have reviewed records provided by the New York State Department of Motor Vehicles (the "DMV") regarding ANGEL CURBELO, the defendant. Based on my review of these records, I have learned, among other things, that CURBELO has a current driver's license listing the Section 8 Apartment as his address, that CURBELO's residential and mailing address with the DMV is the Section 8 Apartment, and that CURBELO filed a Vehicle Registration Application with the DMV in or about June 2011 that provided the Section 8 Apartment as his address.

13. On or about November 19, 2013, I visited the Brooklyn Address and spoke with the owner of the Brooklyn Address. Based upon my observations at the Brooklyn Address and my conversation with the owner of the Brooklyn Address, I have learned, among other things, the following:

   a. The owner of the Brooklyn Address stated, in substance and in part, that ANGEL CURBELO, the defendant, is his childhood friend.

   b. While I was at the Brooklyn Address, I observed that there is a mailbox on the ground floor of the Brooklyn Address listing CURBELO's name. The owner of the Brooklyn Address stated, in substance and in part, that CURBELO uses the Brooklyn Address solely for mailing purposes.

   c. The owner of the Brooklyn Address stated, in substance and in part, that CURBELO does not reside at the Brooklyn Address and has never resided there since the owner of the Brooklyn Address purchased the property in or about 2002.

   d. The owner of the Brooklyn Address stated, in substance and in part, that the Section 8 Apartment is CURBELO's residential address, and that CURBELO had resided at the Section 8 Apartment for approximately five years.

14. On or about October 29, 2013, I conducted an interview of a resident ("Neighbor-1") of an apartment located in close proximity to the Section 8 Apartment. During the interview, Neighbor-1 stated, in substance and in part, among other things, the following:

   a. Neighbor-1 has observed that an adult female, adult male, and their children reside in the Section 8 Apartment.

            b.   Neighbor-1 has observed the adult male resident of the Section 8 Apartment driving a van bearing the name of Employer-1.

            c.   When shown a photograph of ANGEL CURBELO, the defendant, Neighbor-1 stated, in substance and in part, that Neighbor-1 recognized the individual depicted in the photograph as the adult male occupant of the Section 8 Apartment.

### CURBELO Provides a False Address to NYCHA

      15.   As is detailed above, in the HAP Contract with NYCHA that ANGEL CURBELO, the defendant, executed on or about July 31, 2008, CURBELO provided the Brooklyn Address as the mailing address where the Section 8 Program payments should be sent by NYCHA.

      16.   Based on my review of records maintained by NYCHA's Office of Records Management, I have learned that between in or about November 2008 up to and including in or about May 2009, NYCHA mailed rent payment checks for the Section 8 Apartment to ANGEL CURBELO, the defendant, at the Brooklyn Address.  Beginning in or about June 2009 until in or about December 2013, CURBELO received Section 8 rent payment checks by direct deposit to his account at Bank-1, rather than by mail.

      17.   Based on my review of the records provided by Bank-1 regarding CURBELO's bank account, I have learned that CURBELO deposited the checks sent by NYCHA to the Brooklyn Address into his account at Bank-1.

### ALICEA Admits to the Fraud

      18.   On or about December 5, 2013, I conducted an interview of ANGELICA ALICEA, the defendant, at NYCHA's office in Manhattan, New York.  Prior to the interview, I advised ALICEA that her participation in the interview was voluntary, that she was not compelled to make any statements or answer any questions, and that she was free to leave at any time.  Prior to the interview, ALICEA was placed under oath by a Deputy Inspector General of the DOI, NYCHA, OIG.  During the interview, ALICEA stated, among other things, the following:

            a.   When asked who resides at the Section 8 Apartment, ALICEA initially stated that ALICEA, Daughter-1, Daughter-2, Daughter-3, Daughter-4, and Son-1 reside in the Section 8 Apartment.  ALICEA did not mention that ANGEL CURBELO, the defendant, resided in the Section 8 Apartment.

     b. ALICEA confirmed that the signatures on the AOIs executed on or about April 5, 2011, March 20, 2012, June 1, 2012, and March 13, 2013 were her signature, and that the information contained in these AOIs was correct.

     c. ALICEA stated, in substance and in part, that ANGEL CURBELO, the defendant, is the father of Daughter-3 and Daughter-4. When asked where CURBELO resides, ALICEA initially stated that CURBELO lives in Brooklyn, New York. When confronted with evidence that CURBELO resides at the Section 8 Apartment, ALICEA admitted, in substance and in part, that CURBELO has been residing at the Section 8 Apartment since in or about December 2008.

### Losses Resulting from the Defendants' Housing Fraud

   19. Based on my review of NYCHA accounting records, I have learned, among other things, that from at least in or about September 2008, up to and including at least in or about December 2013, NYCHA, using federal government funds provided by HUD as part of the Section 8 Program, paid monthly rent subsidies on behalf of ANGELICA ALICEA, the defendant, directly to ANGEL CURBELO, the defendant, in his capacity as the landlord of the Section 8 Apartment. From in or about September 2008 up to and including in or about December 2013, the monthly rent subsidy payments made by NYCHA, using federal government funds provided by HUD, to CURBELO with respect to the Section 8 Apartment ranged from approximately $1,147 per month to approximately $1,193 per month, while ALICEA's rent payment obligation on the Section 8 Apartment ranged from approximately $45 per month to approximately $91 per month.

   20. Based on a rent recalculation conducted by the NYCHA Leased Housing Department Fraud and Abuse Unit, I have learned that, from in or about September 2008 up to and including in or about December 2013, NYCHA, using federal government funds provided by HUD as part of the Section 8 Program, paid monthly rent subsidies on behalf of ANGELICA ALICEA, the defendant, directly to ANGEL CURBELO, the defendant, in his capacity as the landlord of the Section 8 Apartment in the total amount of approximately at least $74,338, monies to which neither ALICEA nor CURBELO were entitled.

WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of ANGELICA ALICEA and ANGEL CURBELO, the defendants, and that they be arrested and imprisoned, or bailed, as the case may be.

*Patricia Sedacca*
PATRICIA SEDACCA
Special Investigator
New York City Dept. of Investigation
New York City Housing Authority
Office of the Inspector General

Sworn to before me this
1st day of May, 2015

THE HONORABLE MICHAEL H. DOLINGER
United States Magistrate Judge
Southern District of New York